## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOP VICTORY INVESTMENTS LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. |
| ) | |
| DIVX, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Top Victory Investments Limited ("TPV") brings this Complaint for Declaratory Judgment against Defendant DivX, LLC ("DivX") based on DivX's unjustified and unfounded allegations that TPV has directly or indirectly infringed certain patents DivX claims to own, and continues to do so. TPV alleges as follows:

## NATURE OF THE ACTION

1.     This is an action under the patent laws of the United States, Title 35, United States Code, seeking a declaratory judgment against Defendant DivX based on its accusations that TPV infringes certain of its patents, including U.S. Patent Nos. 7,295,673 ("the '673 Patent"), 7,460,668 ("the '668 Patent"), 7,515,710 ("the '710 Patent"), 8,289,338 ("the '338 Patent"), 8,472,792 ("the '792 Patent"), 8,656,183 ("the '183 Patent"), 8,731,369 ("the '369 Patent"), RE45,052 ("the '052 Patent"), 9,184,920 ("the '920 Patent"), 9,762,937 ("the '937 Patent"), 10,542,303 ("the '303 Patent"), and 11,245,938 ("the '938 Patent" and collectively, the "DivX Patents"), as set forth in Counts I-XII, below.

2.     On information and belief, Defendant DivX is the assignee of the DivX Patents.

**THE PARTIES**

3.      Plaintiff TPV is a corporation organized under the laws of Hong Kong, with its principal place of business at Unit 1212-16, 12th Floor, C-Bons International Center, 108 Wai Yip Street, Kwun Tong, Kowloon, Hong Kong.  TPV and its related entities assemble televisions and other electronic devices for brand-owner customers like LG Electronics, which sell the devices to end-users.  TPV and its related entities also maintain a smaller business assembling and selling televisions to distributors, retailers, and end users under brands owned or licensed by TPV.  TPV-assembled televisions are distributed globally, including in the United States.

4.      On information and belief, Defendant DivX is a Delaware limited liability company, with its principal place of business located at 4350 La Jolla Village Drive, Suite 950, San Diego, California 92122. Defendant DivX has designated The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent in Delaware.

5.      Defendant DivX was initially formed on December 15, 2017, as a Delaware limited liability company named "DivX CF Holdings LLC."  On February 12, 2018, Defendant DivX filed a Certificate of Amendment with the Delaware Secretary of State changing its name to "DivX, LLC."

**JURISDICTION AND VENUE**

6.      TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

7.      This Declaratory Judgment Complaint includes counts for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2

8.      Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, TPV seeks a declaration from the Court that TPV does not infringe the DivX Patents, described in the following paragraphs.

9.      This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10.      This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

11.      This Court has subject matter jurisdiction over this action based on a real and immediate controversy between TPV and Defendant DivX regarding whether TPV's products infringe the DivX Patents.

12.      An actual case and controversy exists because Defendant DivX has accused TPV of using the DivX Patents.

13.      Defendant DivX's accusations stem from an ongoing dispute between the parties. In 2012, 2013, and 2015, respectively, TPV entered into three agreements with a company then known as "DivX, LLC" (hereinafter, "Old DivX").  The Agreements granted TPV a license to use certain technology and other Old DivX intellectual property rights when assembling and producing televisions and other devices.

14.      In 2017, after all of the agreements between TPV and Old DivX had expired, a new entity was formed for the purpose of acquiring certain Old DivX assets, and monetizing them through

litigation. This newly-constituted entity would later assume Old DivX's name, commence ostensibly independent audits of Old DivX's licensees, manipulate and corrupt those audits from behind the scenes, present fraudulent demands based on those audits for monies not legitimately owed, and initiate breach of contract and/or patent infringement litigations and arbitrations against Old DivX licensees who do not immediately accede to its demands. TPV is one of the victims of Defendant DivX's corrupt business plan. Following an ostensibly independent audit it thoroughly corrupted and manipulated in secret, Defendant DivX demanded tens of millions of dollars from TPV for purportedly unreported products that it contended should have been reported under the expired agreements. TPV refused that demand and filed suit for declaratory relief in California Superior Court. *Top Victory Invest. Ltd., v. DivX, LLC*, Case No. 37-2022-00024579-CU-CO-CT ("the State Court Action").

15. In the State Court Action, Defendant DivX filed counterclaims alleging that TPV should have reported additional products under the now-expired agreements, because Defendant DivX contends those products used the technology that formed the basis for that license. But Defendant DivX did not allege that TPV infringed any of Defendant DivX's patents in using that technology.

16. On August 14, 2024, for the first time, Defendant DivX asserted that TPV's unreported products used Defendant DivX's patented technology, specifically including technology covered by the DivX Patents.

17. As discussed below, TPV does not infringe and has not infringed the DivX Patents; and therefore, TPV had the right to engage in the complained-of activity, to the extent it engaged in the complained-of activity at all.

18.    In addition to Defendant DivX's accusation that TPV's products use Defendant DivX's patented technology and the ongoing State Court Action between Defendant DivX and TPV, Defendant DivX has demonstrated that it is highly litigious through its assertion of its patents on numerous occasions, many involving the DivX Patents at issue here.  *See, e.g.*, *DivX, LLC v. Netflix, Inc.*, No. 2:19-cv-01602 (C.D. Cal. 2019); *DivX, LLC v. Hulu, LLC*, No. 2:19-cv-01606 (C.D. Cal. 2019); *Unified Patents, LLC f/k/a Unified Patents Inc. v. DivX, LLC*, No. IPR2019-01379 (P.T.A.B. 2019); *Netflix, Inc. v. DivX, LLC*, No. IPR2020-00052 (P.T.A.B. 2019); *Netflix, Inc. d/b/a Netflix v. DivX, LLC*, No. IPR2020-00511 (P.T.A.B. 2020); *Netflix, Inc. d/b/a Netflix et al v. DivX, LLC*, No. IPR2020-00558 (P.T.A.B. 2020); *Netflix, Inc. et al v. DivX, LLC*, No. IPR2020-00614 (P.T.A.B. 2020); *Netflix, Inc. et al v. DivX, LLC*, No. IPR2020-00646 (P.T.A.B. 2020); *Hulu, LLC et al v. DivX, LLC*, No. IPR2020-00647 (P.T.A.B. 2020); *Netflix, Inc. et al v. DivX, LLC*, No. IPR2020-00648 (P.T.A.B. 2020); *DivX, LLC v. Samsung Electronics Co., Ltd.*, No. 2:20-cv-00301 (E.D. Tex. 2020); *DivX, LLC v. LG Electronics, Inc.*, No. 1:20-cv-01202 (D. Del. 2020); *DivX, LLC v. TCL Corporation*, No. 1:20-cv-01203 (D. Del. 2020); *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*; Inv. No. 337-TA-1222, No. 337-TA-1222 (USITC 2020); *Cassiopeia IP LLC v. DivX, LLC*, No. 1:20-cv-01447 (D. Del. 2020); *DivX, LLC v. Hulu, LLC*, No. 2:21-cv-01615 (C.D. Cal. 2021); *Netflix, Inc. v. DivX, LLC*, No. 21-1931 (Fed. Cir. 2021), *DivX, LLC v. Samsung Electronics Co., Ltd.*, No. 2:21-cv-00187 (E.D. Tex. 2021); *DivX, LLC v. TCL Technology Group Corporation*, No. 2:21-cv-00264 (E.D. Tex 2021); *Unified Patents, LLC v. DivX, LLC*, IPR2021-01476 (P.T.A.B. 2021); *Hulu, LLC v. DivX, LLC*, IPR2021-01418 (P.T.A.B. 2021); *Hulu, LLC v. DivX, LLC*, IPR2021-01419 (P.T.A.B. 2021); *Roku, Inc. v. DivX, LLC*, IPR2021-01579 (P.T.A.B. 2021); *Roku, Inc. v. DivX, LLC*, IPR2021-01580 (P.T.A.B. 2021); *Netflix, Inc. v. DivX, LLC*, No. 22-1043

(Fed. Cir. 2021); *Netflix, Inc. v. DivX, LLC*, No. 22-1083 (Fed. Cir. 2021); *Netflix, Inc. v. DivX, LLC*, No. 22-1138 (Fed. Cir. 2021); *Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same II*; Inv. No. 337-TA-1297 (Violation) 337-TA-1297 (USITC 2021); *Netflix, Inc. v. DivX, LLC*, No. 22-1203 (Fed Cir. 2021); *Netflix, Inc. v. DivX, LLC*, No. 22-1204 (Fed. Cir. 2021); *DivX, LLC v. TCL Technology Group Corporation*, No. 1:21-cv-01828 (D. Del. 2021); *DivX, LLC v. Netflix, Inc.*, No. 22-1481 (Fed. Cir. 2022); *Certain Video Processing Devices and Components Thereof*; Inv. No. 337-TA-1343 (Violation) (USITC 2022); *DivX, LLC v. Amazon.com, Inc.*, No. 1:22-cv-01201 (E.D. Va. 2022); *DivX, LLC v. VIZIO, Inc.*, No. 8-22-cv-01955 (C.D. Cal. 2022); *DivX, LLC v. Amazon.com, Inc.*, No. 3:22-cv-00687 (E.D. Va. 2022); *Realtek Semiconductor Corporation v. ITC*, No. 23-1095 (Fed. Cir. 2022); *DivX, LLC v. Unified Patents, LLC*, No. 23-1699 (Fed. Cir. 2023); *Netflix, Inc. v. DivX, LLC*, No. 24-1541 (Fed. Cir. 2024); *DivX, LLC v. Realtek Semiconductor Corporation*, No. 24-2061 (Fed. Cir. 2024); *DivX, LLC v. ITC*, No. 25-1143 (Fed. Cir. 2024); *DivX, LLC v. Amazon.com, Inc.*, No. 3:24-cv-00818 (E.D. Va. 2024); *DivX, LLC v. Amazon.Com, Inc.*, No. 1:24-cv-02061 (E.D. Va. 2024).

19.     Defendant DivX's actions have created a real, immediate, and justiciable controversy between TPV and Defendant DivX as to whether TPV's products and activities infringe the DivX Patents.

20.     This Court has personal jurisdiction over Defendant DivX, LLC under the laws of the State of Delaware and consistent with the underlying due process principles of the United States Constitution.  Defendant DivX is subject to general personal jurisdiction in Delaware because it was formed under the laws of Delaware.

21.     Defendant DivX has also purposefully availed itself of this forum by bringing prior actions seeking to enforce its patent rights in Delaware. *See, e.g., DivX, LLC v. LG Electronics,*

*Inc. et al.*, Case No. 1:20-cv-01202 (D. Del. Sep. 9, 2020); *DivX, LLC v. TCL Corporation et al.*, 1:20-cv-01203 (D. Del. Sep. 9, 2020); *DivX, LLC v. TCL Technology Group Corporation et al.*, Case No. 1:21-cv-01828 (D. Del. Dec. 28, 2021). On information and belief, Defendant DivX has entered into licensing agreements for the use of its patents in Delaware, and it has sent other cease and desist letters into the forum to other entities regarding these patents in Delaware.

22.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant DivX was organized under the laws of the State of Delaware and resides in this district and are residents of the State in which the district is located.

23.     Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendant DivX is incorporated in this district and is therefore subject to personal jurisdiction in this district with respect to this action.

## **BACKGROUND**

24.     TPV is an assembler and manufacturer of televisions and other consumer electronic devices. Between 2012 and 2015, TPV entered into three, now-expired license agreements with a San Diego-based technology company then known as "DivX, LLC" and now known as "NLD, LLC" (or "Old DivX"). The agreements granted TPV a license to use certain Old DivX intellectual property and trademarks when assembling and selling electronic products.

25.     In late 2017, a new and unrelated entity was formed called "DivX CF Holdings LLC" for purposes of acquiring certain Old DivX assets. The day after this new DivX entity acquired those assets, it changed its name to "DivX, LLC" (thus assuming Old DivX's name) and Old DivX changed its name to "NLD LLC." Defendant DivX in the present suit is the new DivX entity. A few years later, after claiming to have acquired the expired agreements between Old DivX and TPV, as well as the DivX Patents, Defendant DivX appointed an auditor to conduct a

supposedly independent audit of TPV, though, as it turned out, Defendant DivX surreptitiously manipulated and corrupted this "audit" from behind the scenes.

26.     After Defendant DivX directed its auditor to put "pencils down" even though the audit was still incomplete, Defendant DivX demanded from TPV $65 million in alleged contract damages and penalties. Given the massive inaccuracies in the reported work of the auditor, and the nature of Defendant DivX's claims, TPV refused.

27.     On June 23, 2022, TPV initiated a State Court Action, *Top Victory Investments Limited v. DivX, LLC*, Case No. 37-2022-00024579-CU-CO-CTL, pending in the Superior Court of the State of California for the County of San Diego, to challenge Defendant DivX's improper demand, to clear its name, and to enjoin an improper arbitration Defendant DivX had by then commenced. Defendant DivX countered with a set of cross-claims. Trial in the State Court Action is currently set for April 11, 2024.

28.     Throughout the pendency of the State Court Action, TPV has sought to collect the basic facts underlying Defendant DivX's cross-claims. In March 2023, TPV asked Defendant DivX if the "property at issue" in the State Court Action included any "patents" or "patent registration rights." After months of delays, Defendant DivX responded that it had not alleged infringement of any of its patents. But then, in September 2023, in a supplemental response to the same interrogatory, Defendant DivX identified several of Defendant DivX's patents, but again did not assert that TPV used any of these technologies.

29.     In October 2023, TPV propounded an Interrogatory in the State Court Action seeking to learn whether Defendant DivX contended that TPV has infringed any claims of any of Defendant DivX's patents and, if so, to identify the patents and claims Defendant DivX contends

TPV to have infringed.  Defendant DivX responded in late November 2023, with groundless objections followed by a refusal to respond to the interrogatory.

30.    In January 2024, TPV moved to compel Defendant DivX to provide a substantive response.  Defendant DivX opposed TPV's motion on the ground that "this is not a patent case" while at the same time claiming that patents are nonetheless relevant to Defendant DivX's contract claims and admitting that Defendant DivX had previously asserted that TPV uses Defendant DivX's intellectual property.  In August 2024, the Discovery Master in the State Court Action granted TPV's motion, recognizing that even if Defendant DivX had "not pled any cause of action" for patent infringement, Defendant DivX had taken the position that it "does intend to assert" at trial that TPV "use[d] … its intellectual property."  TPV was therefore entitled to the requested information if the alleged use by TPV of Defendant DivX's intellectual property rights that Defendant DivX intends to assert rises to the level of an infringement.

31.    On August 14, 2024—more than two years after TPV initiated the State Court Action, and a mere two months from the then-scheduled trial date— Defendant DivX suddenly disclosed its contention that TPV allegedly infringed Defendant DivX's patents.

32.    If Defendant DivX plans to assert that TPV breached specific contract provisions by using Defendant DivX patent rights, then *a fortiori* Defendant DivX asserts that TPV has infringed Defendant DivX's intellectual property rights, including patent rights.  The use of one's patented invention without authority is the definition of patent infringement.  35 U.S.C. § 271(a).  To clear its name of Defendant DivX's false accusation of patent infringement, TPV files this action for declaratory judgment.

## THE DIVX PATENTS

33.    The '673 Patent is titled "Method and System for Securing Compressed Digital Video."  The '673 Patent was issued on November 13, 2007, with Eric W. Grab and Adam H. Li as

its named inventors. The '673 Patent is currently assigned to DivX, LLC. A true and correct copy of the '673 Patent is attached hereto as Exhibit 1.

34.     The '668 Patent is titled "Optimized Secure Media Playback Control." The '668710 Patent was issued on December 2, 2008, with Eric W. Grab as its named inventor. The '668 Patent is currently assigned to DivX, LLC. A true and correct copy of the '668 Patent is attached hereto as Exhibit 2.

35.     The '710 Patent is titled "Federated Digital Rights Management Scheme Including Trusted Systems." The '710 Patent was issued on April 7, 2009, with Eric W. Grab, Chris Russell, Francis Chan, and Mike Kiefer as its named inventors. The '710 Patent is currently assigned to DivX, LLC. A true and correct copy of the '710 Patent is attached hereto as Exhibit 3.

36.     The '338 Patent is titled "Systems and Methods for Font File Optimization for Multimedia Files." The '338 Patent was issued on October 16, 2012, with Shaiwal Priyadarshi, Kourosh Soroushian, Jason Braness, and Jim Reesman as its named inventors. The '338 Patent is currently assigned to DivX, LLC. A true and correct copy of the '338 Patent is attached hereto as Exhibit 4.

37.     The '792 Patent is titled "Multimedia Distribution System." The '792 Patent was issued on June 25, 2013, with Abou UI Aala Ahsan Butt, Steve R. Bramwell, and Brian T. Fudge as its named inventors. The '792 Patent is currently assigned to DivX, LLC. A true and correct copy of the '792 Patent is attached hereto as Exhibit 5.

38.     The '183 Patent is titled "Federated Digital Rights Management Scheme Including Trusted Systems." The '183 Patent was issued on February 18, 2014, with Eric William Grab, Chris Russell, Francis Yee-Dug Chan, and Michael George Kiefer as its named inventors. The '183

Patent is currently assigned to DivX, LLC. A true and correct copy of the '183 Patent is attached hereto as Exhibit 6.

39.      The '369 Patent is titled "Multimedia Distribution System for Multimedia Files Having Subtitle Information." The '369 Patent was issued on May 20, 2014, with Adam H. Li, Jason Braness, Christopher Durham, Timothy Sayre, Benjamin Cote, Darrius Thompson, Jerome Rota, Alistair Mayo, Eric William Grab, Jerald Donaldson, Heather Hitchcock, Damien Chavarria, Michael John Floy, Ahsan Butt, and Brian Fudge as its named inventors. The '369 Patent is currently assigned to DivX, LLC. A true and correct copy of the '369 Patent is attached hereto as Exhibit 7.

40.      The '052 Patent is titled "File Format for Multiple Track Digital Data." The '052 Patent was issued on July 29, 2014, with Adam Li as its named inventor. On information and belief, the '052 Patent is currently assigned to DivX, LLC. A true and correct copy of the '052 Patent is attached hereto as Exhibit 8.

41.      The '920 Patent is titled "Federated Digital Rights Management Scheme Including Trusted Systems." The '920 Patent was issued on November 10, 2015, with Eric William Grab, Chris Russell, Francis Yee-Dug Chan, and Michael George Kiefer as its named inventors. The '920 Patent is currently assigned to DivX, LLC. A true and correct copy of the '920 Patent is attached hereto as Exhibit 9.

42.      The '937 Patent is titled "Systems and Methods for Protecting Elementary Bitstreams Incorporating Independently Encoded Tiles." The '937 Patent was issued on September 12, 2017, with Jason A. Braness, William David Amidei, and Mayur Srinivasan as named inventors. The '937 Patent is currently assigned to DivX, LLC. A true and correct copy of the '937 Patent is attached hereto as Exhibit 10.

43.     The '303 Patent is titled "Systems and Methods for Protecting Elementary Bitstreams Incorporating Independently Encoded Tiles." The '303 Patent was issued on January 21, 2020, with Jason A. Braness, William David Amidei, and Mayur Srinivasan as named inventors. The '303 Patent is currently assigned to DivX, LLC. A true and correct copy of the '303 Patent is attached hereto as Exhibit 11.

44.     The '938 Patent is titled "Graduated Authentication in an Identity Management System." The '938 Patent was issued on February 8, 2022, with Jason A. Braness, William David Amidei, and Mayur Srinivasan as named inventors. On information and belief, the '938 Patent is currently assigned to DivX, LLC. A true and correct copy of the '938 Patent is attached hereto as Exhibit 12.

## COUNT I: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '673 PATENT

45.     TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

46.     In the State Court Action, Defendant DivX has asserted that TPV uses DivX's '673 Patent. Defendant DivX previously commenced an action alleging infringement of the '673 Patent by Netflix, including Netflix's internal testing of its application and video streaming service on consumer devices, demonstrating Defendant DivX's continued litigious nature with regard to the '673 Patent.  *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, Dkt. 1 ("*DivX v. Netflix Complaint*") ¶¶ 113-122 (C.D. Cal. filed Mar. 5, 2019).   As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '673 Patent.

47.     Defendant DivX previously characterized the '673 Patent as directed to "secure compressed digital video content that requires less processing power to decrypt—specifically,

selective partial frame encryption." *DivX v. Netflix Complaint*, ¶ 76.  All of the claims of the '673 Patent recite systems and methods for encrypting and decrypting that require, in part, "a synchronized frame decryption stream." '673 Patent, Claims 1, 14, 21, 29.

48.     TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '673 Patent.

49.     For example, TPV's products, including its current products and any other products sold during the past six years, do not perform steps of encryption or decryption using "a synchronized frame decryption stream," as required by all claims of the '673 Patent.

50.     Thus, TPV does not directly infringe the '673 Patent, either literally or under the doctrine of equivalents.

51.     Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '673 Patent or otherwise contribute to infringement of the '673 Patent.

52.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '673 Patent.

## COUNT II: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '668 PATENT

53.     TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

54.     In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '668 Patent. As a result and given Defendant DivX's litigious nature, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '668 Patent.

55.    All of the claims of the '668 Patent require, in part, steps of decrypting "encrypted configuration information" using one of multiple "master keys indicated by the identifier of a master key," '668 Patent, Claim 1, decrypting media content using "an encryption key having an associated identifier" that matches an identifier accompanying the encrypted media content, *id.* at Claims 9, 17, or encrypting an encryption key and associated identifier "using the master key indicated by the identifier of a master key," *id.* at Claim 18.

56.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '668 Patent.

57.    For example, TPV's products, including its current products and any other products sold during the past six years, do not enable digital rights management ("DRM") functionality, much less use the encryption key systems required by the claims of the '668 Patent.

58.    Thus, TPV does not directly infringe the '668 Patent, either literally or under the doctrine of equivalents.

59.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '668 Patent or otherwise contribute to infringement of the '668 Patent.

60.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '668 Patent.

## COUNT III: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '710 PATENT

61.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

62.    In the State Court Action, Defendant DivX has asserted that TPV uses DivX's '710 Patent. The '710 Patent is the grandparent patent of, and recites similar claims to, the '920 Patent,

which Defendant DivX asserted against Netflix, including Netflix's internal testing of its application and video streaming service on consumer devices. *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, Dkt. 1 ("*DivX v. Netflix Complaint*") ¶¶ 113-122 (C.D. Cal. filed Mar. 5, 2019). As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '710 Patent.

63. Defendant DivX previously characterized the '920 Patent, which is a continuation of a continuation of the '710 Patent, as "directed to a DRM architecture that enhances content security by binding active encryption keys to a user." *DivX v. Netflix Complaint*, ¶ 89. All of the claims of the '710 Patent require, in part, a content server that obtains a "playback certification" from a "trusted system," where the playback certification includes "information enabling playback of the technically protected content that is accessible using the unique activation information and the base key," '710 Patent, Claim 1, "encrypted information including an encrypted copy of the at least one encryption key, where at least a portion of the encrypted information in the playback certification is accessible using the base encryption key," *id.* at Claim 6, or "encrypted information, where at least some of the encrypted information is accessible using the base key, at least some of the encrypted information is accessible using the user key, and the encrypted information includes the playback parameters and the content key," *id.* at Claim 9.

64. TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '710 Patent.

65. For example, TPV's products, including its current products and any other products sold during the past six years, do not enable digital rights management ("DRM") functionality,

much less use "playback certifications" that include the encrypted information required by all claims of the '710 Patent.

66.    Thus, TPV does not directly infringe the '710 Patent, either literally or under the doctrine of equivalents.

67.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '710 Patent or otherwise contribute to infringement of the '710 Patent.

68.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '710 Patent.

## COUNT IV: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '338 PATENT

69.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

70.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '338 Patent.  As a result and given Defendant DivX's litigious conduct, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '338 Patent.

71.    All of the claims of the '338 Patent require, in part, steps of "generating at least one font file," "generating a unique character set," "generating at least one modified font file," "marking each modified font file to signify a time period," and "incorporating the modified font files into the multimedia file," '338 Patent, Claim 1, "generating textual information for a multimedia file," "generating an optimized font file," and "associating at least one metadata tag in the multimedia file with a textual element of the text data that is not a subtitle," '338 Patent, Claim 22, and utilize "a textual information rendering system" and a processor configured to "generate a unique character set," "generate at least one modified font file," "mark each modified font file to

signify a time period," and "incorporate the at least one modified font file into the metadata file," '338 Patent, Claim 23.

72.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '338 Patent.

73.    For example, TPV's products, including its current products and any other products sold during the past six years, do not perform steps of generating at least one font file, generating a unique character set, generating at least one modified font file, marking each modified font file to signify a time period, incorporating the modified font files into the multimedia file, generating textual information for a multimedia file, generating an optimized font file, associating at least one metadata tag in the multimedia file with a textual element of the text data that is not a subtitle, or use a textual information rendering system or a processor configured to generate a unique character set, generate at least one modified font file, mark each modified font file to signify a time period, or incorporate the at least one modified font file into the metadata file, as required by all claims of the '338 Patent.

74.    Thus, TPV does not directly infringe the '338 Patent, either literally or under the doctrine of equivalents.

75.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '338 Patent or otherwise contribute to infringement of the '338 Patent.

76.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '338 Patent.

## COUNT V: DECLARATORY JUDGMENT FOR
## NON-INFRINGEMENT OF THE '792 PATENT

77.     TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

78.     In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '792 Patent. DivX previously commenced an action alleging infringement of the '792 Patent by Netflix, including Netflix's internal testing of its application and video streaming service on consumer devices, demonstrating Defendant DivX's continued litigious nature with regard to the '792 Patent. *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, Dkt. 1 ("*DivX v. Netflix Complaint*") ¶¶ 113-122 (C.D. Cal. filed Mar. 5, 2019).   As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '792 Patent.

79.     Defendant DivX previously characterized the '792 Patent as "enabling trick play functionality and improved playback within the video file." *DivX v. Netflix Complaint*, ¶ 87.  All of the claims of the '792 Patent require, in part, "first and second indexes enabling trick play functionality," which include a "separate second index" or "abridged index" that reference "a subset of the encoded video frames."  '792 Patent, Claims 1, 9, 15.

80.     TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '792 Patent.

81.     For example, TPV's products, including its current products and any other products sold during the past six years, do not use a subset of the encoded video frames for "trick play functionality," much less a "separate second index" or "abridged index" that references "a subset of the encoded video frames," as required by all claims of the '792 Patent.

82.     Thus, TPV does not directly infringe the '792 Patent, either literally or under the doctrine of equivalents.

83.     Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '792 Patent or otherwise contribute to infringement of the '792 Patent.

84.     Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '792 Patent.

### COUNT VI: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '183 PATENT

85.     TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

86.     In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '183 Patent.  The '183 Patent is the parent patent of, and recites similar claims to, the '920 Patent, which Defendant DivX asserted against Netflix, including Netflix's internal testing of its application and video streaming service on consumer devices.  *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, Dkt. 1 ("*DivX v. Netflix Complaint*") ¶¶ 113-122 (C.D. Cal. filed Mar. 5, 2019).  As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '183 Patent.

87.     Defendant DivX previously characterized the '920 Patent, which is a continuation of the '183 Patent, as "directed to a DRM architecture that enhances content security by binding active encryption keys to a user."  *DivX v. Netflix Complaint*, ¶ 89.  All of the claims of the '183 Patent require, in part, the steps of "identifying any portions of a frame that are encrypted; identifying the frame encryption key used to encrypt the identified portions of the frame; [and]

decrypting the encrypted portions of the frame using the identified frame encryption key." '183 Patent, Claims 1, 10.

88.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '183 Patent.

89.    For example, TPV's products, including its current products and any other products sold during the past six years, do not enable digital rights management ("DRM") functionality, much less perform the steps of identifying encrypted portions of a frame and the frame encryption key used, or decrypting the encrypted portions using the identified frame encryption key, as required by all claims of the '183 Patent.

90.    Thus, TPV does not directly infringe the '183 Patent, either literally or under the doctrine of equivalents.

91.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '183 Patent or otherwise contribute to infringement of the '183 Patent.

92.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '183 Patent.

## COUNT VII: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '369 PATENT

93.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

94.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '369 Patent.  As a result and given Defendant DivX's litigious conduct, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '369 Patent.

95.     All of the claims of the '369 Patent require, in part, a processor configured by software to extract information from the multimedia file, wherein "each subtitle is encoded in the subtitle chunks as a bitmap," and "wherein the processor is configured to decode the video chunk and identify a previous subtitle chunk that contains information for the decoded video chunk using the index chunk." '369 Patent, Claim 1.

96.     TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '369 Patent.

97.     For example, TPV's products, including its current products and any other products sold during the past six years, do not use subtitles encoded in the subtitle chunks as a bitmap, or a processor configured to decode the video chunk and identify a previous subtitle chunk that contains information for the decoded video chunk using the index chunk, as required by all claims of the '369 Patent.

98.     Thus, TPV does not directly infringe the '369 Patent, either literally or under the doctrine of equivalents.

99.     Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '369 Patent or otherwise contribute to infringement of the '369 Patent.

100.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '369 Patent.

## COUNT VIII: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '052 PATENT

101.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

102.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '052 Patent.  As a result and given Defendant DivX's litigious conduct, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '052 Patent.

103.    Claims 1-41, 48-71, and 77-85 require a processor configured to read a digital rights management (DRM) protected video.

104.    TPV's products, including its current products and any other products sold during the past six years, are not configured to read the data encoded in multimedia files that contain DRM protected video, as required by Claims 1-41, 48-71, and 77-85 of the '052 Patent.

105.    Claims 42-44 require "a processor configured to read the multimedia file," wherein the multimedia file has "at least one chapter track and including a chapter stream descriptor list comprising: a chapter stream header chunk; a chapter stream format chunk following said chapter stream header chunk and a chapter stream name chunk including a string indicating a chapter stream in said at least one chapter track."

106.    TPV's products, including its current products and any other products sold during the past six years, do not have a processor that is configured to read a multimedia file that has at least one chapter track and including a chapter stream descriptor list comprising a chapter stream header chunk a chapter stream format chunk following said chapter stream header chunk and a chapter stream name chunk including a string  indicating a chapter stream in said at least one chapter track, as required by Claims 42-44 of the '052 Patent.

107.    Claims 45 and 75 require "a processor configured to read the multimedia file," wherein the multimedia file has "a subtitle stream descriptor list comprising: a subtitle stream header chunk" read "in response to a text form subtitle" or has "a subtitle stream name chunk; and

a subtitle stream data list comprising a plurality of data chunks" read "in response to a text form subtitle."

108.    TPV's products, including its current products and any other products sold during the past six years, do not have a processor configured to read a multimedia file that has a subtitle stream descriptor list comprising a subtitle stream header chunk read in response to a text form subtitle and do not have a processor configured to read a multimedia file that has a subtitle stream name chunk and a subtitle stream data list comprising a plurality of data chunks read in response to a text form subtitle, as required by Claims 45 and 75 of the '052 Patent.

109.    Claims 46, 47, and 76 require "a processor configured to read the multimedia file," wherein the multimedia file has a subtitle element that includes "a bitmap image in response to a bitmap form subtitle; and a unicode text in response to a text form subtitle."

110.    TPV's products, including its current products and any other products sold during the past six years, do not have a processor configured to read a multimedia file that has a subtitle element that includes a bitmap image in response to a bitmap form subtitle and a unicode text in response to a text form subtitle, as required by Claims 46, 47, and 76 of the '052 Patent.

111.    Claims 72-74 require "a processor configured to read the multimedia file," wherein the multimedia file has "a chapter stream data list comprising a plurality of data chunks."

112.    TPV's products, including its current products and any other products sold during the past six years, do not have a processor configured to read a multimedia file that has a chapter stream data list comprising a plurality of data chunks, as required by Claims 72-74 of the '052 Patent.

113.    Claims 86-96 require a "A memory restricted playback device configured to play data encoded in a multimedia file" and a "processor configured to read the multimedia file…

wherein the processor is configured to decode said encoded data chunk and said uncoded dummy predicted frame as the following sequence of frames: Bm+1, Pm+2."

114.    TPV's products, including its current products and any other products sold during the past six years, are not memory restricted playback devices configured to play data encoded in a multimedia file and do not have a processor configured to read the multimedia file, wherein the processor is configured to decode said encoded data chunk and said uncoded dummy predicted frame as the following sequence of frames: Bm+1, Pm+2, as required by Claims 86-96 of the '052 Patent.

115.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '052 Patent.

116.    Thus, TPV does not directly infringe the '052 Patent, either literally or under the doctrine of equivalents.

117.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '052 Patent or otherwise contribute to infringement of the '052 Patent.

118.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '052 Patent.

## COUNT IX: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '920 PATENT

119.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

120.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '920 Patent. Defendant DivX previously commenced an action alleging infringement of the '920 Patent by Netflix, including by Netflix's internal testing of its application and video

streaming service on consumer devices, demonstrating Defendant DivX's continued litigious nature with regard to the '920 Patent. *See DivX, LLC v. Netflix, Inc.*, Case No. 2:19-cv-01602, Dkt. 1 ("*DivX v. Netflix Complaint*") ¶¶ 113-122 (C.D. Cal. filed Mar. 5, 2019).   As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '920 Patent.

121.    Defendant DivX previously characterized the '920 Patent as "directed to a DRM architecture that enhances content security by binding active encryption keys to a user." *DivX v. Netflix Complaint*, ¶ 89.   All of the claims of the '920 Patent require, in part, the steps of "identifying any portions of a frame that are encrypted; identifying the frame encryption key used to encrypt the identified portions of the frame; decrypting the identified frame encryption key using the decrypted content encryption key; [and] decrypting the encrypted portions of the frame using the decrypted identified frame encryption key."  '920 Patent, Claims 1, 10.

122.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '920 Patent.

123.    For example, TPV's products, including its current products and any other products sold during the past six years, do not enable digital rights management ("DRM") functionality, much less perform the steps of encrypting a portion of each of a plurality of tiles within a frame of video or decrypting a portion of each of a plurality of tiles within the frame of video, as required by all claims of the '920 Patent.

124.    Thus, TPV does not directly infringe the '920 Patent, either literally or under the doctrine of equivalents.

125.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '920 Patent or otherwise contribute to infringement of the '920 Patent.

126.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '920 Patent.

## COUNT X: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '937 PATENT

127.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

128.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '937 Patent. The '937 Patent is the parent and grandparent patent, respectively, of, and recites similar claims to, the '303 and '938 Patents, which DivX asserted against Amazon's products, including their devices. *See DivX, LLC v. Amazon.com, Inc.*, Case No. 1:24-cv-02061, Dkt. 1 ¶ 95 (E.D.V.A. filed Nov. 15, 2024). As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '937 Patent.

129.    All of the claims of the '937 Patent require, in part, the step of "partially encrypt[ing] a plurality of frames in the video bitstream by encrypting a portion of each of a plurality of" tiles within a video bitstream, '937 Patent, Claims 1, 10, or "partially decrypt[ing] a plurality of frames in the video bitstream by decrypt[ing] a portion of each of a plurality of" tiles within the bitstream, *id.* at Claim 19.

130.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '937 Patent.

131.    For example, TPV's products, including its current products and any other products sold during the past six years, do not perform the steps of encrypting or partially decrypting frames by encrypting or decrypting a portion of the tiles, as required by all claims of the '937 Patent.

132.    Thus, TPV does not directly infringe the '937 Patent, either literally or under the doctrine of equivalents.

133.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '937 Patent or otherwise contribute to infringement of the '937 Patent.

134.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '937 Patent.

## COUNT XI: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '303 PATENT

135.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

136.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '303 Patent. Two months after Defendant DivX first made this allegation against TPV, it commenced an action alleging infringement of the '303 Patent by Amazon's products, including their devices, demonstrating Defendant DivX's continued litigious nature with regard to the '303 Patent. *See DivX, LLC v. Amazon.com, Inc.*, Case No. 1:24-cv-02061, Dkt. 1 ¶ 95 (E.D.V.A. filed Nov. 15, 2024).   As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '303 Patent.

137.    All of the claims of the '303 Patent require, in part, "encrypting a portion of each of a plurality of tiles" within a frame of video, and "generating an output bitstream" that includes "the encrypted portions," '938 Patent, Claims 1, 9, or "determin[ing] locations of encrypted

portions of a plurality of tiles within the video bitstream," and "decrypt[ing] a portion of each of a plurality of tiles within the frame of video," *id.* at Claim 16.

138.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '303 Patent.

139.    For example, TPV's products, including its current products and any other products sold during the past six years, do not perform steps of encrypting a portion of each of a plurality of tiles within a frame of video or decrypting a portion of each of a plurality of tiles within the frame of video, as required by all claims of the '303 Patent.

140.    Thus, TPV does not directly infringe the '303 Patent, either literally or under the doctrine of equivalents.

141.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '303 Patent or otherwise contribute to infringement of the '303 Patent.

142.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '303 Patent.

### COUNT XII: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF THE '938 PATENT

143.    TPV repeats the allegations in the preceding paragraphs as if fully set forth herein.

144.    In the State Court Action, Defendant DivX has asserted that TPV uses Defendant DivX's '938 Patent. Two months after Defendant DivX first made this allegation against TPV, it commenced an action alleging infringement of the '938 Patent by Amazon's products, including their devices, demonstrating Defendant DivX's continued litigious nature with regard to the '938 Patent. *See DivX, LLC v. Amazon.com, Inc.*, Case No. 1:24-cv-02061, Dkt. 1 ¶ 95 (E.D.V.A. filed

Nov. 15, 2024).  As a result, there is an actual, justiciable, substantial, and immediate controversy between TPV and Defendant DivX regarding whether TPV has infringed or continues to infringe the '938 Patent.

145.    All of the claims of the '938 Patent require, in part, "receiv[ing] encryption information identifying locations of encrypted portions" of compression units in a frame, and "decrypting the encrypted portions of each of a plurality of compression units in the frame." '938 Patent, Claims 1, 8.

146.    TPV does not make, use, offer to sell, or sell any product or system within the United States, or import into the United States any product or system in a manner that infringes the '938 Patent.

147.    For example, TPV's products, including its current products and any other products sold during the past six years, do not receive encryption information identifying locations of encrypted portions or decrypt the encrypted portions of each of a plurality of compression units in the frame, as required by all claims of the '938 Patent.

148.    Thus, TPV does not directly infringe the '938 Patent, either literally or under the doctrine of equivalents.

149.    Likewise, at least because there is no direct infringement, TPV does not induce infringement of the '938 Patent or otherwise contribute to infringement of the '938 Patent.

150.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., TPV seeks a declaration that it does not infringe the '938 Patent.

## DEMAND FOR JURY TRIAL

TPV hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, TPV respectfully requests a declaratory judgment against IV as follows:

A.  A declaration that TPV does not infringe the '673 Patent;

B.  A declaration that TPV does not infringe the '668 Patent;

C.  A declaration that TPV does not infringe the '710 Patent;

D.  A declaration that TPV does not infringe the '338 Patent;

E.  A declaration that TPV does not infringe the '792 Patent;

F.  A declaration that TPV does not infringe the '183 Patent;

G.  A declaration that TPV does not infringe the '369 Patent;

H.  A declaration that TPV does not infringe the '052 Patent;

I.  A declaration that TPV does not infringe the '920 Patent;

J.  A declaration that TPV does not infringe the '937 Patent;

K.  A declaration that TPV does not infringe the '303 Patent;

L.  A declaration that TPV does not infringe the '938 Patent;

M.  A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, thereby entitling TPV to a recovery of its costs including reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law, including this Court's inherent authority;

N.  Declaring that judgment be entered in favor of TPV, and against Defendant DivX on TPV's claims;

O.  An order enjoining Defendant DivX and those in privity with Defendant DivX from asserting the '673, '668, '710, '338, '792, '183, '369, '052, '920, '937, '303, and '983 Patents against TPV and TPV's representatives, agents, affiliates, subsidiaries, vendors and customers; and

P.  Such other equitable or legal relief as this Court or a jury may deem proper and

just under the circumstances.

OF COUNSEL:

Mark Samuels
John Kappos
Vision Winter
Clarence Rowland
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, CA 90071-2899
(213) 430-6000


Dated: December 18, 2024

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Gabriela Z. Monasterio (#7240)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
monasterio@rlf.com


*Attorneys for Plaintiff Top Victory Investments Limited.*