IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TOP VICTORY INVESTMENTS
LIMITED,

                        Plaintiff,

            v.                                      Civil Action No. 24-1390-CFC

DIVX, LLC,

                        Defendant.

---

Frederick L. Cottrell, III and Gabriela Z. Monasterio, RICHARDS, LAYTON &
FINGER, P.A., Wilmington, Delaware; Mark Samuels, John Kappos, Vision
Winter, Clarence Rowland, O'MELVENY & MYERS LLP, Los Angeles,
California

   *Counsel for Plaintiff*

Brian E. Farnan and Michael J. Farnan, FARNAN LLP, Wilmington, Delaware;
Lisa S. Glasser and Andrew J. Strabone, IRELL & MANELLA LLP, Los Angeles,
California

   *Counsel for Defendant*

## **MEMORANDUM OPINION**

September 23, 2025
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Pending before me is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant DivX, LLC (DivX).  D.I. 13.

I.

DivX is a digital technology company that operates a licensing program for device manufacturers to report and certify that their products support DivX's unique video-file format.  One such manufacturer to which it licensed its technology is Plaintiff Top Victory Investments Limited (Top Victory).  *See generally* D.I. 15-3; D.I. 15-2; D.I. 15-1; D.I. 1 ¶ 13.  Through a series of licensing agreements executed in 2012, 2013, and 2015, DivX permitted Top Victory to use certain DivX technology when assembling televisions and other electronic devices. *See generally* D.I. 15-3; D.I. 15-2; D.I. 15-1; D.I. 1 ¶ 13.  The licensed technology included, among other things, source code written to enable compliance with the specifications and/or requirements for DivX certification.  D.I. 15-3 § 1.16; D.I. 15-2 § 1.13; D.I. 15-1 § 1.14.  In exchange for access to DivX's technology, Top Victory agreed to take on certain reporting, payment, and auditing obligations. D.I. 15-1 § 5; D.I. 15-2 § 5; D.I. 15-3 § 5.

The parties' business relationship eventually broke down.  And in April 2022, DivX filed a demand for arbitration, seeking to arbitrate claims that Top

Victory had not complied with its reporting, payment, and auditing obligations under the terms of the parties' agreements. *See generally* D.I. 15-4. Top Victory countered by filing a complaint against DivX in the United States District Court for the Southern District of California, seeking, among other things, a declaratory judgment that it had not breached its obligations under the parties' licensing agreements. D.I. 15-5. After the Southern District of California issued two orders requiring Top Victory to show cause concerning whether subject matter jurisdiction existed, D.I. 15-17; D.I. 15-18, Top Victory dismissed its complaint voluntarily, D.I. 15-19. The very next day, it sued DivX in state court in California. D.I. 15-6. Once again, Top Victory sought by its complaint a declaration that it had not breached its obligations under the parties' licensing agreements. D.I. 15-6. DivX countered by filing cross-claims for breach of contract, conversion, receipt of stolen property, and a claim under Cal. Code Civ. Proc. § 980(B) against Top Victory in the state court action. D.I. 23-5.

The parties agreed "to proceed with their disputes" (i.e., plural) in state court. D.I. 15-7. That agreement, however, did not stick. In December 2024, Top Victory again sued DivX, this time in this Court. D.I. 1. Top Victory seeks by its Complaint a declaration that it does not infringe twelve of DivX's patents. D.I. 1 ¶ 1. According to Top Victory, a declaratory judgment of noninfringement is

2

necessary "[t]o clear its name of Defendant DivX's false accusation of patent infringement" lodged in the state court action.  D.I. 1 ¶ 32.

After learning of Top Victory's Complaint, DivX reached out to Top Victory's counsel and reiterated what it has said many times in state court: it is not accusing Top Victory of patent infringement.  D.I. 15-12 at 3 ("DivX has never accused [Top Victory] of infringing any patents."); *see also* D.I. 15-10 at 2 ("Counsel for [Top Victory] stated that it was concerned that DivX would argue to the jury that [Top Victory] had infringed DivX trademarks or patents.  Counsel for DivX responded that its claims in this case do not concern infringement."); D.I. 15-10 at 3 ("Counsel for DivX explained that [Top Victory], as a licensee, had the right to use DivX's licensed patents and trademarks as provided by the asserted agreements.  The *only issue is whether TPV breached those agreements* and owes damages to DivX.") (emphasis added); D.I. 15-11 at 17:5–7 ("We do not contend in this case that [Top Victory] is liable for patent infringement.  I would stipulate to that.").  DivX also requested that Top Victory voluntarily dismiss the Complaint.  D.I. 15-12 at 3.  When Top Victory refused to do so, DivX filed the instant motion (D.I. 13).

DivX seeks dismissal of the Complaint on two grounds.  It argues first that dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction because "[t]he only purported basis for jurisdiction is an allegation that DivX is

3

accusing [Top Victory] of infringing twelve DivX patents" and "[t]hat allegation is demonstrably false." D.I. 14 at 1. In the alternative, its seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. D.I. 14 at 1.

## II.

Because I find that I lack subject matter jurisdiction and dismissal is therefore appropriate under Rule 12(b)(1), I do not address whether dismissal is also appropriate under Rule 12(b)(6).

## A.

For a court to have subject matter jurisdiction over a declaratory judgment action, an actual case or controversy must exist. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 2201. "[T]here is no bright-line rule for determining whether [a declaratory judgment] action satisfies the case or controversy requirement." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012).[1] Instead, the party seeking a declaratory judgment must show that, "under all the circumstances, . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118,

---

[1] Because this is a patent case, Federal Circuit precedent governs whether subject matter jurisdiction exists. *See Minn. Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672 (Fed.Cir.1991).

127 (2007). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

"[I]n determining whether there is a case or controversy of sufficient immediacy to establish declaratory judgment jurisdiction [the court] look[s] to the elements of the potential cause of action." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904–905 (Fed. Cir. 2014). For a substantial controversy to exist, it is not the case that definitive proof must exist that would establish each element of the potential cause of action. *Id.* at 905. Instead, there need only be allegations by the patentee or other record evidence that establish "at least a reasonable potential" that such a claim could be brought. *Id.*

### B.

Top Victory seeks a declaration that it does not directly infringe twelve of DivX's patents and, because it does not directly infringe the patents, that it also does not induce or otherwise contribute to the infringement of the patents. *See* D.I. 1 ¶ 32. A person directly infringes a patent when that person "without authority makes, uses, offers to sell, or sells any patented invention, *within the United States* or imports *into the United States* any patented invention during the term of the patent." 35 U.S.C. § 271(a) (emphasis added).

5

After the filing of the Complaint in this case, DivX reiterated in response to an interrogatory served on it by Top Victory in the state court action that it "does not assert claims that [Top Victory] has infringed any DivX intellectual property rights, including patent rights" and further stated that it is not "aware of any unauthorized use by [Top Victory] of DivX's patents *in the United States*." D.I. 15-13 at 3 (emphasis added). Because DivX is unaware of any unauthorized use of its patented technology by Top Victory in the United States, there is no "reasonable potential" that it could maintain a claim of patent infringement. *See DataTern*, 755 F.3d at 905. Accordingly, there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. DivX's interrogatory response extinguishes any possibility that jurisdiction exists in this action, making dismissal appropriate.

Top Victory makes several attempts to establish that subject matter jurisdiction exists. Each fails. It first points to what it calls "accusations" of patent infringement by DivX in the state court action and claims that "[a]ny one of these accusations would suffice" to establish jurisdiction. *See* D.I. 22 at 11–12.

Top Victory first says that DivX accused it of patent infringement by alleging that Top Victory "manufactured and/or sold 'without license' devices incorporating 'DivX [IP],' defined to include 'patents.'" D.I. 22 at 11–12

6

(alteration in the original). The source of this "accusation" appears to be DivX's original cross-complaint filed in 2022 in the state court action. D.I. 23-5. This "accusation," however, does not create jurisdiction for at least three reasons. First, the "accusation" predates DivX's interrogatory response. *Compare* D.I. 23-5, *with* D.I. 15-13. Second, this cross-complaint is no longer the operative cross-complaint in the state court action. *See* D.I. 15-8 (DivX's fourth amended cross-complaint). In other words, it has no legal effect in the state court action. Third, the cross-complaint asserts claims of breach of contract, conversion, receipt of stolen property, and a claim under California Civil Code § 980(b)—not patent infringement. D.I. 23-5 at 1.

Top Victory next asserts that DivX accused it of patent infringement by saying that Top Victory "'breach[ed]' the Agreements by 'us[ing] a decoder' embodying New DivX's 'patents.'" D.I. 22 at 11–12 (alteration in the original). The source of this "accusation" appears to be a statement made by DivX's counsel during a discovery hearing in the state court action. D.I. 15-11. This "accusation" also does not create jurisdiction. As an initial matter, this statement predates DivX's interrogatory response that eliminated any possibility jurisdiction exists. *Compare* D.I. 15-11, *with* D.I. 15-13. In addition, when the statement is put in context, it's clear that DivX was not accusing Top Victory of patent infringement. The relevant statement reads as follows:

7

> BUT I DO WANT TO BE ABLE TO SAY THEY'RE
> USING OUR TRADEMARKS IN VIOLATION OF THE
> RESTRICTIONS OR THE TERMS OF THE
> AGREEMENT, AND THAT CONSTITUTES A
> BREACH. OR THEY USED A DECODER WITH OUR
> PATENTS AND COPYRIGHTS *WITHOUT
> REPORTING OR CERTIFYING THEM. THAT IS A
> BREACH*. SO WE WILL BE REFERRING TO
> PATENTS AND TRADEMARKS, *BUT NOT AS
> INFRINGEMENT* OR IMPINGEMENT.

D.I. 15-11 at 13:22–28 (emphasis added). Thus, the statement makes clear that the only accusation against Top Victory in the state court action is that it used DivX's technology (which happens to be covered by federal intellectual property rights) in violation of the reporting and certification provisions of the parties' agreements. Mentioning that the technology is patented does not transform a run-of-the-mill licensing dispute into an accusation of patent infringement.

Top Victory next says that DivX accused it of patent infringement by saying that Top Victory "'breached' the Agreements 'by using DivX technologies (over which [New] DivX maintains patent rights)." D.I. 22 at 11–12 (alterations in the original). The source of this "accusation" appears to be DivX's interrogatory response in the state court action. Top Victory propounded the following interrogatory:

> Do YOU contend that [Top Victory] has infringed any
> claim(s) of any of YOUR patent(s)? If YOUR answer is
> other than an unqualified "no," identify the patent(s) and
> claim(s) you contend [Top Victory] to have infringed, and
> when and how YOU first learned of such infringement?

8

D.I. 23-8 at 3.  And, on August 14, 2024, DivX responded, in relevant

part as follows:

> DivX *does not assert* in this case that [Top Victory] has infringed any DivX intellectual property rights, including patent rights.  Notwithstanding the foregoing, DivX does assert that [Top Victory] breached specific provisions of the asserted agreements by using DivX technologies (over which DivX maintains patent rights) in violation of the asserted agreements.   For example, [Top Victory] acknowledged that DivX's HD Profile is covered by U.S. Patent Nos.7,295,673; 7,460,668; 7,515,710; 7,519,274 (see TPV-DIVX-0365491), and [Top Victory] incorporated that profile into [Top Victory] products that it did not certify and report in violation of the asserted agreements which constitutes breach of contract. ... DivX in no way waives any intellectual property infringement claims against [Top Victory] in any other case, matter, or proceeding.

D.I. 15-9 at 3–4 (emphasis added).

If any doubt existed after this response about whether DivX is accusing Top

Victory of patent infringement in the state court action, it was eliminated when

DivX served its superseding response to this interrogatory.  The superseding

response is discussed above, but it is worth setting forth more fully here:

> This case is about [Top Victory]'s fraud and breach of contract*. **DivX does not assert claims that [Top Victory] has infringed any DivX intellectual property rights, including patent rights.  Nor is DivX aware of any unauthorized use by [Top Victory] of DivX's patents in the United States**.  Rather, DivX asserts claims that [Top Victory] **breached specific provisions of the asserted agreements**, including by failing to certify and report

9

> Licensee Products, disabling DivX in such products, failing to account for all Licensee Products, and failing to pay the amount owed as indicated by the Connor audit.

D.I. 15-13 at 3. This response removes any doubt about whether DivX is accusing Top Victory of patent infringement. It is not. Nor could it because it is unaware of any unauthorized use of its patented technology in the United States.

Top Victory next says that DivX accused it of patent infringement when it said that Top Victory "'used' 'certain DivX technology . . . under the [expired] contracts' that 'is covered by patents.'" D.I. 22 at 11–12 (alterations in the original). The source of this "accusation" appears to be an email that DivX's counsel sent to Top Victory after Top Victory filed its Complaint. D.I. 15-12. The email reads in relevant part:

> It is simply a fact that certain DivX technology that [Top Victory] used under the contracts at issue in the state court case is covered by patents, and that fact may be relevant to various issues in the state court trial, including the background of DivX as a company, [Top Victory]'s breach, and the importance of the technology. It is in no way an accusation of infringement under 35 U.S.C. § 271, which affirmatively excludes both authorized uses (e.g., made under contract with the patentee) and use outside the United States. As both DivX and the discovery referee have expressly stated to [Top Victory] in the state court action, DivX has not accused [Top Victory] of patent infringement. Rather, the issue is that [Top Victory] failed to make the reports and payments that the contracts between the parties required. The state court action (including all pleadings and discovery responses therein) are solely and exclusively directed to obtaining redress for these violations. ***To the extent that was in any way***

10

> *unclear to [Top Victory], DivX hereby again confirms that it has never accused [Top Victory] of patent infringement and that the only allegations it has made against [Top Victory] are that [Top Victory] has breached the parties' contracts, fraudulently induced DivX, and breached the implied covenant of good faith.*

D.I. 15-12 at 2.  This email confirms what is clear from the other "accusations" Top Victory points to: DivX's claims against Top Victory in the state court action are solely directed to whether Top Victory breached the parties' agreements.  DivX is not accusing Top Victory of patent infringement.  This "accusation" does not create jurisdiction.

Top Victory next argues that a "substantial controversy" exists because DivX's pleadings in the state court action accuse Top Victory "of manufacturing and selling devices incorporating its patented technologies on an 'ongoing' basis— *i.e.*, years after all licenses have expired—while [Top Victory] maintains 'it has the right to engage in the accused activity without license.'"  D.I. 22 at 12 (internal citation omitted).  In support of this proposition, Top Victory cites *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007).  There, the Federal Circuit held that

> where a patentee *asserts rights under a patent* based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

11

*Id.* at 1381 (emphasis added).

DivX, however, is not asserting rights under a patent such that there exists a substantial case or controversy here. Top Victory is correct that the parties' licensing agreements have expired, *see* D.I. 15-1 § 10.1; D.I. 15-2 § 10.1; D.I. 15-3 § 10.1, and that DivX's cross-complaint alleges that Top Victory is violating the agreements on an ongoing basis, *see, e.g.*, D.I. 15-8 ¶ 111 ("On information and belief and [sic], [Top Victory] has further breached Section 3.4 of the 2013 Agreement because it continued to market, sell, and distribute Licensee Products from October 1, 2019 to the present, and has also failed to certify these products before their marketing, sale, and distribution[.]"). But, according to DivX's cross-complaint, some restrictions survived the expiration of the parties' agreements. *See, e.g.*, D.I. 15-8 ¶ 107 ("Per Section 10.5, Section 3 (including Section 3.4.) of the 2013 Agreement survives expiration."). And it appears that, for each instance in which DivX seeks redress for Top Victory violating the parties' agreement on an ongoing basis, it alleges that the restriction at issue survived the expiration of the parties' agreements. *See, e.g.,* D.I. 15-8 ¶ 128 (alleging that Top Victory has breached Section 5.6 of the 2013 agreement from October 1, 2019 to the present); D.I. 15-8 ¶ 124 ("Per Section 10.5, Section 5.6 of the 2013 Agreement survives expiration."). DivX, however, does not assert that Top Victory's ongoing activity constitutes patent infringement. DivX's allegations related to Top Victory's

ongoing conduct are based on rights under the parties' licensing agreements; they are not an assertion of rights under DivX's patents.

Top Victory next argues that DivX's "litigation history" supports jurisdiction. D.I. 22 at 13. According to Top Victory, "DivX is highly litigious and has elected to enforce its patents, including several of those at issue here, on no less than *44* occasions," and "DivX's litigation-focused business model requires it to enforce its patents." D.I. 22 at 13 (emphasis in the original).

"Prior litigation is a circumstance to be considered" in evaluating whether an actual controversy exists. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010). DivX's litigation history, however, arguably cuts against a finding of jurisdiction. By Top Victory's own telling, DivX actively asserts its patents, including some of the patents-in-suit. Indeed, Top Victory contends that patent litigation is fundamental to DivX's business model. If DivX truly had a claim for patent infringement against Top Victory, why would it hesitate to assert those patents? If anything, the fact that DivX has not pressed a patent claim notwithstanding its alleged history of litigiousness confirms that there is currently no substantial controversy concerning its patents.

In any event, prior litigation standing alone does not create an actual controversy that does not otherwise exist, and here, as discussed above, no actual controversy exists with respect to DivX's patents. *See Prasco, LLC v. Medicis*

*Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (noting that "prior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy," but concluding that no controversy was shown). DivX's litigation history does not change that conclusion.

Top Victory next says that DivX's refusal to sign a covenant not to sue supports jurisdiction. D.I. 22 at 13–14. After DivX filed this motion, Top Victory sent DivX a covenant not to sue that read as follows:

> DivX, LLC ("DivX"), on behalf of itself, its affiliates, and their respective subsidiaries, predecessors, successors, and assigns hereby unconditionally covenants not to sue Top Victory Investments Limited ("TPV"), or any parent, subsidiary, affiliate, successor, shareholder, licensee, sublicensee, customer, supplier, importer, manufacturer, or distributor of TPV for infringement of U.S. Patent Nos. 7,295,673, 7,460,668, 7,515,710, 8,289,338, 8,472,792, 8,656,183, 8,731,369, RE45,052, 9,184,920, 9,762,937, 10,542,303, and 11,245,938 (collectively, the "DivX Patents") based on TPV's past, present, or future manufacture, importation, use, sale, or offer for sale of past or current products ("TPV Products"). DivX will impose the foregoing covenant not to sue on any third party to which DivX may assign, license, or otherwise transfer the DivX Patents or the right to bring suit under the DivX Patents.

D.I. 24-1 at 2.

DivX's refusal to sign this proposed covenant does not create a substantial controversy because "[al]though a defendant's failure to sign a covenant not to sue is one circumstance to consider in evaluating the totality of the circumstances, it is

14

not sufficient to create an actual controversy—some affirmative actions by the defendant will also generally be necessary." *Prasco*, 537 F.3d at 1341. And here, there has been no affirmative act by DivX that amounts to an accusation that Top Victory infringes DivX's patents. To the contrary, DivX has repeatedly affirmed that it is not accusing Top Victory of infringing its patents.

For all these reasons, I find that there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. I will therefore dismiss Top Victory's complaint for lack of subject matter jurisdiction.

### III.

For the reasons set forth above, I will grant DivX's motion to dismiss (D.I. 13).

The Court will enter an Order consistent with this Memorandum Opinion.